DEBORAH SMITH
Acting United States Attorney

JAMES A. GOEKE
First Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071

ANDREA STEWARD
ROBERT S. ANDERSON
Environment and Natural Resources Division
United States Department of Justice
PO Box 23985
L'enfant Plaza Station
Washington, DC 20026-3985
Phone: 202-305-0321

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>          )<br>     Plaintiff, )<br>          )<br>     v. )<br>          )<br>JAMES DAVID MILLER, )<br>          )<br>          )<br>     Defendant. )<br>          )<br>          ) | Case No. A05-0077 CR (JWS)<br><br>**GOVERNMENT'S SUPPLEMENTAL FED. R. EVID. 404(b) NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS AND MOTION FOR ADMISSION OF SUCH EVIDENCE** |

# I.  INTRODUCTION

COMES NOW the Plaintiff, United States of America, by and through its counsel of record, Deborah Smith, Acting United States Attorney for the District of Alaska, James Goeke, First Assistant U.S. Attorney, Andrea Steward and Robert S. Anderson, Special Assistant United States Attorneys, and notifies the Court and defendant JAMES MILLER of its intent to introduce, during its case-in-chief at trial of the above-cited matter, additional evidence of other crimes, wrongs or acts committed by defendant JAMES MILLER.  The government filed a notice of intent to use, and motion to admit, 404(b) evidence at trial at Docket No. 41.   The government now supplements the previous notice with additional acts of the defendant.  The defendant is charged by Indictment with several violations of federal wildlife laws between 1999 and 2002 involving, among other things, unlicensed guiding and the use of his aircraft to facilitate the alleged criminal conduct.  In addition to other acts previously noticed, evidence of the following events will be offered by the government during its case-in-chief, pursuant to Fed. R. Evid. 404(b), for the purpose of demonstrating defendant's intent, knowledge, and absence of mistake:

    A.    1996 Dall Sheep:  JAMES MILLER killed a Dall sheep while his hunting privileges were revoked; he tagged the

|   |   |   |
|---|---|---|
|   |   | Dall sheep with another hunter's tag. |
| B. | 1996 Caribou: | JAMES MILLER killed a caribou while his hunting privileges were revoked. |
| C. | 2001 Wolf: | JAMES MILLER killed a wolf while his hunting privileges were revoked. |

## II. ADMISSIBILITY OF "OTHER ACTS" EVIDENCE

Defendant JAMES MILLER is charged in Counts 1, 3, and 4 of the Indictment with four Lacey Act violations for providing un-licensed guiding and transportation services to big-game hunting clients in Alaska. In Count 8 of the Indictment JAMES MILLER is charged with killing a bear in Alaska with a resident hunting license when he was a non-resident. He is charged in Counts 2 and 7 with False Statement violations and in Counts 5 and 6 with violating the Marine Mammal Protection Act.

Evidence of certain uncharged acts is admissible at trial pursuant to Rule 404(b), Federal Rules of Evidence, which provides:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . .

The standard for admission of such evidence is set out more fully at Docket

No. 41.  In particular, the Ninth Circuit, "other acts" evidence should be admitted under Rule 404(b) if (1) the other act evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in some cases the other act is similar to the offense charged.  United States v. Montgomery, 150 F.3d 983, 1000 (9th Cir. 1998); see also United States v. Ogles, 406 F.3d 586, 592 (9th Cir. 2005) citing United States v. Plancarte-Alvarez, 366 F.3d 1058, 1062 (9th Cir. 2004).  In addition, the Ninth Circuit has "specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry."  See United States v. Mayans, 17 F.3d 1174,1183 (9th Cir. 1994).  That is, the district court must conduct an analysis under Rule 403 and determine whether the probative value of the other acts is substantially outweighed by its prejudicial effect.  See United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993).

    **III.   THE SUPPLEMENTAL "OTHER ACTS" EVIDENCE IS PROPERLY ADMISSIBLE**

**A.   JAMES MILLER killed a sheep and a caribou in 1996 while his hunting privileges were revoked, and he killed a wolf in 2001 while his hunting privileges were revoked.**

    **1.   JAMES MILLER's killing of wildlife while his hunting privileges were revoked is admissible because they establish knowledge, intent and lack of mistake or accident in guiding hunters without**

>    **a license and killing of a bear with a resident license when he was a non-resident.**

To prove the Lacey Act violations alleged in Counts 1, 3, and 4 the government will be required to prove, inter alia, that JAMES MILLER knew the wildlife was taken, possessed, transported or sold illegally.  In Count 8, the government must prove that JAMES MILLER knew or should have known that when he killed a bear in 2002 with a resident hunting license—when he was in fact not a resident—he did so in violation of Alaska law.  JAMES MILLER's killing wildlife in 1996 and 2001 while his hunting privileges were revoked establishes his intent and absence of mistake or accident in engaging in the criminal conduct charged in Counts 1, 3, 4 and 8, as well as his knowledge of the law.  See, e.g. Mayans, supra 17 F.3d at 1182.

Specifically, JAMES MILLER demonstrated a knowledge of the highly regulated nature of hunting in Alaska when he hunted without a license on several occasions following revocation of his hunting privileges, and particularly when he directed another hunter to cover the sheep he had killed with that hunter's tag.  These acts tend to prove that JAMES MILLER intended to provide guiding and transportation services to big-game hunters without a license and that he knew that the wildlife taken as a result was transported or sold illegally, and it was not a mistake or accident that he provided these services without a license as charged in

Counts 1, 3, and 4.  Likewise, these acts tend to show that JAMES MILLER knew, or should have known that the bear he killed in 2002 with a resident hunting license—when he was not a resident—was done so in violation of Alaska law.

> **2.  JIM MILLER's killing of wildlife in 1996 and 2001 while his hunting privileges were revoked is not too remote in time.**

The 1996 killing of a caribou and a sheep by JAMES MILLER occurred just three hunting seasons prior to the incidents alleged in Count 1, which alleges that he provided guiding and transportation services in 1999 without a license.  The 2001 killing of a wolf by JAMES MILLER occurred in the same year as the incidents charged in Count 4, and just one hunting season prior to the incident in Count 8.  These incidents are not too remote in time to bar their admission for the limited purposes stated herein.

> **3.  Evidence is sufficient to support a finding that JAMES MILLER killed wildlife while his hunting privileges were revoked.**

The government will present testimonial evidence from several witnesses as well as documentary, photographic, and video evidence to establish the fact and nature of these violations.  The government need not prove these acts by a preponderance of evidence.  United States v. Plancarte-Alvarez, 366 F.3d 1058, (9th Cir. 2004).  Evidence is to be admitted pursuant to 404(b) if "there is

sufficient evidence to support a finding by the jury that the defendant committed the similar act." Id. citing Huddleston v. United States, 485 U.S. 681, 685 (1988).

> **4.   JIM MILLER's killing of wildlife while his hunting privileges were revoked is similar to the charged offenses.**

The killing of wildlife by JAMES MILLER in 1996 and 2001 while his hunting privileges were revoked— i.e., without a license—is similar to the crimes charged in Counts 1, 3 and 4, which allege that JAMES MILLER provided guiding services without a license.  These acts are also similar to Count 8, which alleges that JAMES MILLER killed a bear with a resident license when he was not a resident.  The other acts by defendant JAMES MILLER are similar in that they show a familiarity with the hunting regulations and requirements of Alaska which establishes his knowledge of the law, as well as his intent, and lack of mistake for the conduct charged in Counts 1, 3, 4, and 8.

> **5.   The potential for unfair prejudice arising from the evidence of JAMES MILER killing wildlife while his hunting privileges were revoked does not substantially outweigh the probative value.**

Evidence of JIM MILLER's hunting while revoked is strongly probative of knowledge, intent, and lack of mistake, which the government submits is not substantially outweighed by its prejudicial effect.  See United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir. 1987); United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978) (in determining whether probative value is substantially

7

outweighed by the danger of unfair prejudice, courts should strike balance in favor of admission when evidence indicates a close relationship to offense charged). When coupled with a proper limiting instruction, the potential for unfair prejudice resulting from the admission of evidence concerning JIM MILLER's killing of wildlife while his hunting privileges were revoked as described herein will produce no unfair prejudice. Evidence of the killings will be presented primarily through a minimum of documents and some testimony by of witnesses already testifying about the incidents alleged in the Indictment. Presentation of evidence of JAMES MILLER killing wildlife in 1996 and 2001 while his hunting privileges were revoked will be no more prejudicial than evidence concerning the charged conduct and will neither unduly extend the government's case or consume a significant amount of time.

## V. CONCLUSION

For forgoing reasons, plaintiff United States of America respectfully requests that it be permitted to introduce evidence of these other acts of the defendant, in addition to those previously noticed at Docket No. 41, in its case in

chief at trial in this matter for the limited purposes approved by the rules of evidence and stated herein.

Respectfully submitted this 15th day of February, 2006 at Anchorage, Alaska.

        DEBORAH SMITH
        Acting United States Attorney

By:   ___/s/_____
       ANDREA STEWARD, Trial Attorney, DOJ
       ROBERT ANDERSON, Senior Trial Attorney, DOJ
       JAMES GOEKE, First Assistant U.S. Attorney

## Certificate of Service

I certify that on the 15th day of February 2006, I caused to be delivered a copy of the foregoing GOVERNMENT'S SUPPLEMENTAL FED. R. EVID. 404(b) NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS AND MOTION FOR ADMISSION OF SUCH EVIDENCE to the following:

Criminal Defense Associates
Arthur Greenspan, Esq.
20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91364
Fax: 818-313-6871

Mark A. Rosenbaum
Law Office of Mark A. Rosenbaum
4940 Byrd Lane, Suite 100
Anchorage, Alaska 99502
Fax: 907-243-2609

Rich Curtner, Esq.
550 West 7th Avenue, Ste. 1600
Anchorage, Ak  99501-3514
Fax: 907-646-3480

_____/s/_____
ANDREA STEWARD, Trial Attorney DOJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>Plaintiff,   )<br>v.   )<br>)<br>JAMES DAVID MILLER,   )<br>)<br>)<br>Defendant.   )<br>)<br>_____  ) | Case No. A05-0077 CR (JWS)<br><br>**ORDER** |

The Court hereby orders that the evidence the government has noticed its intent to introduce in its case-in-chief pursuant to Federal Rule of Evidence 404(b) will be admitted at trial. Specifically, the evidence the Court finds admissible pursuant to Rule 404(b) is as follows:

- A. 1996 Dall Sheep: JAMES MILLER killed a Dall sheep while his hunting privileges were revoked; he tagged the Dall sheep with another hunter's tag.

- B. 1996 Caribou: JAMES MILLER killed a caribou while his hunting privileges were revoked.

- C. 2001 Wolf: JAMES MILLER killed a wolf while his hunting privileges were revoked.

D. The State of Alaska's revocation of JAMES MILLER's hunting privileges between 1991-2002.

E. JAMES MILLER's two Alaska state convictions for waste of an animal in 1988 and 1991 and his Alaska state conviction for possession/transportation of an illegally taken animal in 1995.

F. JAMES MILLER'S use, in 2001, in Alaska, of the Piper PA-18 Super-Cub named in the Indictment to locate a moose and then drop a note to CLINT MILLER directing him to where the moose was located, after which CLINT MILLER killed the moose, in violation of Alaska Administrative Code Title 5 § 92.085(8).

G. JAMES MILLER's same-day-airborne killing of a bear in Alaska in 1999, during a time when his hunting license was revoked, after which CLINT MILLER affixed his own tag to the bear, in violation of, *inter alia*, Alaska Administrative Code Title 5 § 92.085(8) and Alaska Statute 16.05.420(c).

H. JAMES MILLER's falsification, in 2003, of an affidavit supporting his application for a State of Alaska Assistant Guide license.

_____
JOHN W. SEDWICK, CHIEF JUDGE
UNITED STATES DISTRICT COURT OF ALASKA