DEBORAH M. SMITH
Acting United States Attorney

JAMES A. GOEKE
First Assistant U.S. Attorney
JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

ANDREA STEWARD
ROBERT S. ANDERSON
United States Department of Justice
P.O. Box 23985
L'enfant Plaza Station
Washington, D.C. 20026-3985

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-077-JWS |
| | ) | |
| Plaintiff, | ) | **PRELIMINARY ORDER OF** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| JAMES DAVID MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Fed. R. Crim. P. 32.2(b) and based upon defendant JAMES DAVID

MILLER's Plea Agreement and the defendant's April 17, 2006 guilty pleas to Counts 3 and

7 and admission to the forfeiture allegations in Count 9 of the Indictment, and the Court's acceptance of said guilty pleas and admission, the Court found that the defendant's interest, if any, in one PIPER PA-18 SUPER-CUB AIRCRAFT, SERIAL NUMBER 18-8898, UNITED STATES REGISTRATION NUMBER N9156P, described in Count 9, constitutes an aircraft used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife involved in the criminal offense charged in Count 3, where the owner of such aircraft was at the time of the illegal act a consenting party or privy thereto or in the exercise of due care should have known that such aircraft would be used in a criminal violation of the Lacey Act, and the offense involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell wildlife, as charged in Count 3, thereby rendering said aircraft subject to forfeiture under 16 U.S.C. § 3374(a)(2) and 28 U.S.C. § 2461.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The aircraft described in Count 9 of the Indictment is condemned and forfeited to the United States of America pursuant to 16 U.S.C. § 3374(a)(2) and 28 U.S.C. § 2461, and the defendant shall forthwith forfeit all of his right, title, and interest, if any, that he has in said aircraft.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), the United States Fish and Wildlife Service is authorized to seize and take possession of the aforementioned aircraft, accessories, and log books, and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of

said aircraft, and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the United States Marshals Service shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the aircraft in such manner as the Attorney General may direct. The notice shall be published once in each of three consecutive weeks in USA Today, or any other appropriate newspaper of general circulation. The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-referenced forfeited aircraft must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the aircraft, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited aircraft. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the aircraft that is the subject of this Preliminary Order of Forfeiture. Upon adjudication of all third-

party interests, this Court shall enter a Final Order of Forfeiture in which all interests will be addressed.

DATED: April 19, 2006

/s/
HON. JOHN W. SEDWICK
United States District Judge