# Attachment A

**Factual Statement from Plea Agreement Supporting Counts 3 and 7**

Count 3: In 1999, the defendant provided two Washington state residents with a videotape showing the defendant providing services to big-game hunters in Alaska. The two Washington hunters agreed to pay the defendant approximately $4,000 for an Alaskan moose hunt. In September 2000, the hunters arrived in Naknek, Alaska, whereupon the defendant flew them in the aircraft described in Count 9 of the Indictment to a spike camp and provided them with a tent and other equipment for the hunt. The defendant dropped his son, Clint Miller, at the spike camp. The defendant located a bull moose from the air and radioed its location to his son, Clint. Clint directed the hunters to the moose. One of the hunters shot and killed the moose. Alaska law provides that a person who has been airborne may not take or assist in the taking of a big game animal until after 3 a.m. on the day after the flying occurred. Alaska law prohibits the use of radio communications as a method used to take game. The moose was not retrieved from the field. On the fifth day of the hunt, the defendant located another moose from the air and informed his son, Clint, of the nearby location of the moose. Clint directed the hunters to the location of the moose and told them where they should position themselves for a shot. One of the hunters killed the moose. Clint Miller helped field-dress, skin and pack out the moose. The defendant assisted in

1

preparing the moose meat for transport. Using the aircraft described in Count 9 of the Indictment, the defendant flew the moose parts and the hunters from the spike camp back to Naknek, after which the moose was transported from Alaska to Washington state. The hunters paid the defendant approximately $4,000 for the hunt, along with a $1,200 tip to the defendant and a $800 tip to his son, Clint. Alaska law prohibits booking a big game hunt and providing guide or outfitting services without holding a Registered Guide license. At no time relevant to this hunt did the defendant or his son possess a Registered Guide license.

Count 7: In May 2002, in Alaska, the defendant possessed approximately 8 tusks and corresponding skull parts of walrus which he had collected on Alaskan beaches. The defendant knew, based on prior experience with beach-found walrus parts, that federal law required such parts to be presented for tagging by the United States Fish and Wildlife Service (FWS) within 30 days after collection. The defendant did not present these parts for tagging within 30 days of collection. In May 2002, the defendant attempted to ship the untagged parts from Alaska to Idaho. When a FWS agent in Seattle questioned the defendant about the parts, he lied about their collection date, and about advice he had received from FWS personnel in Alaska, so as to avoid informing the agent that the parts had not been tagged within the required 30-day period. The parts were shipped back to Alaska,

whereupon the defendant first solicited another person to create a false invoice in an attempt to show the defendant acquired the tusks within the 30-day limit, and then presented the parts to a FWS tagger and provided a false collection date so that the parts would be tagged.